```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
IN RE GERALD BARNES,                :    Bankruptcy No. 06-11258 (RTL)
                                    :
     Debtor.                        :
                                    :
_____:
                                    :
GERALD BARNES,                      :    CIVIL ACTION NO. 06-5902 (MLC)
                                    :
     Appellant,                     :          MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
WELLS FARGO BANK MINNESOTA,         :
                                    :
     Appellee.                      :
_____:
```

**THE COURT** having ordered Gerald Barnes to show cause why the appeal should not be dismissed as time-barred (dkt. entry no. 3); and it appearing that Gerald Barnes filed a notice of appeal — dated November 15, 2006, but marked as being received and filed in the Clerk's Office of the United States Bankruptcy Court on November 17, 2006 — appealing from an order of the United States Bankruptcy Court, entered October 4, 2006 ("October Order") (App. Not.); and it appearing that the October Order "confirm[ed] that the automatic stay is not in effect as to real property" (10-4-06 Order); and it appearing that the Bankruptcy Court thereafter entered a final decree in the bankruptcy proceeding on October 11, 2006 ("October Decree") (Bankr. No. 06-11258 (RTL), dkt. entry no. 54); and

**IT APPEARING** that the time to file a notice of appeal began to run from the date of entry of the October Order, as Barnes makes no reference to the October Decree in the notice of appeal,

see In re Smith, 189 Fed.Appx. 88, 89-90 (3d Cir. 2006) (stating appeal clock began to run from Bankruptcy Court's July 27, 2004 order denying motion to reopen, not when adversary proceeding was closed on August 13, 2004, as, inter alia, the "notice of appeal . . . specifies that he is appealing '[the] July 27, 2004 Order' and makes no mention of the August 13 termination in his notice of appeal"); but the Court, in an excess of caution, intending to refer to both the October Order and the October Decree herein; and

**USING** as a benchmark the date of entry of (1) the October Order — October 4, 2006 — Barnes's time to file a notice of appeal expired on October 16, 2006, as October 14, 2006 fell on a Saturday, or (2) the October Decree — October 11, 2006 — his time to file a notice of appeal expired on October 23, 2006, as October 21, 2006 fell on a Saturday, see Fed.R.Bankr.P. 8002(a) (stating notice of appeal to be filed within ten days of entry of judgment, order, or decree), Fed.R.Bankr.P. 9006(a) (stating if tenth day falls on Saturday or Sunday, then time to file runs until next day that clerk's office is accessible);[1] and thus it appearing that Barnes failed to timely file a notice of appeal, even if the Court were to deem the notice of appeal as filed on November 15, 2006; and

---

[1] Intermediate Saturdays, Sundays, and legal holidays are included in the computation of time. See Fed.R.Bankr.P. 9006(a) (stating such days excluded only if period of time at issue is less than eight days).

**BARNES NOT MOVING** to extend the time to file a notice of appeal; and it appearing that:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect

Fed.R.Bankr.P. 8002(c)(2); and using the expiration benchmark resulting from either the October Order, which is October 16, 2006, or the October Decree, which is October 23, 2006, the time for Barnes to move under the first part of Federal Rule of Bankruptcy Procedure ("Rule") 8002(c)(2) to extend the time to file a notice of appeal — before the time for filing a notice of appeal expires — has lapsed; and

**USING** the expiration benchmark resulting from the October Order, the time for Barnes to move under the second part of Rule 8002(c)(2) to extend the time to file a notice of appeal on the ground of excusable neglect — not later than twenty days after the expiration of the time for filing a notice of appeal — lapsed on either November 3, 2006, or November 6, 2006; and thus it appearing that Barnes's time to move to extend the time to file a notice of appeal on the ground of excusable neglect has expired, see Raza v. Biase (In re Rose Color), 198 Fed.Appx. 197, 201 (3d Cir. 2006) (stating Rule 8002(c)(2) "does not allow for claims of

excusable neglect after the prescribed deadline for filing a motion to extend the appeals deadline");[2] and

**ASSUMING**, arguendo, that the Court should refer to the expiration benchmark resulting from the October Decree, then the time for Barnes to move under the second part of Rule 8002(c)(2) to extend the time to file a notice of appeal on the ground of excusable neglect lapsed on November 13, 2006;[3] and

**IT APPEARING** that Barnes, even though he is a pro se appellant, must abide by the Rules, see In re Amer. Metrocomm Corp., 196 Fed.Appx. 86, 87-88 (3d Cir. 2006) (stating Third Circuit Court of Appeals has "never held that courts' obligations to liberally interpret pro se pleadings justifies ignoring deadlines for filing an appeal"); and the Court thus ordering

---

[2] It is unclear whether a motion under Rule 8002(c)(2) must be made within (1) thirty days of the date of entry of the order, judgment, or decree appealed from, or (2) twenty days of the date deemed to be the deadline for filing the notice of appeal. Compare In re Smith, 189 Fed.Appx. at 90 (stating motion to extend to be filed within twenty days of deadline for filing notice of appeal), with In re Seagull, 155 Fed.Appx. 80, 81 (3d Cir. 2005) (stating motion to be made "within an aggregate of thirty days from the date of the order sought to be appealed"). The thirtieth day after October 4, 2006, is Friday, November 3, 2006. The twentieth day after October 16, 2006, is Sunday, November 5, 2006, and thus the next available day was November 6, 2006.

[3] The thirtieth day after October 11, 2006, is Friday, November 10, 2006. As that date was a legal holiday, the next available day was Monday, November 13, 2006. The twentieth day after October 23, 2006, was Sunday, November 12, 2006, and thus the next available day was also November 13, 2006.

4

Barnes to show cause why this appeal should not be dismissed as time-barred (dkt. entry no. 3), see In re Smith, 189 Fed.Appx. at 89 (authorizing district court to raise issue of timeliness sua sponte); and

   **THE COURT** advising Barnes that "it is irrelevant when [he] received notice" of entry of either the October Order or the October Decree, as lack of notice of entry does not extend the time to appeal, Richardson v. Treacy, Shaffel, Moore & Mueller (In re Richardson Indus. Contrs.), 190 Fed.Appx. 128, 130 (3d Cir. 2006), see Fed.R.Bankr.P. 9022(a); and the Court advising Barnes that he should refrain from arguing that the Court should "treat his late-filed notice of appeal as containing an implicit motion for extension of time," as "it is not the practice of the federal courts to transform a late-filed notice of appeal into both a notice of appeal and a motion for extension of time in which to file such notice," In re Seagull, 155 Fed.Appx. at 81-82; and it appearing, in any event, that this Court "[can]not . . . determine[] whether excusable neglect existed in the first instance, because the Bankruptcy Rules specifically provide that a request for extension of time to file a notice of appeal must be made to the Bankruptcy Court," In re Allegheny Health, Educ. & Research Found., 181 Fed.Appx. 289, 291 (3d Cir. 2006); and

   **BARNES**, in response, arguing that (1) "I want my right to be heard in US District Court, otherwise, my due process rights are

being denied and my honesty should be considered by the Court," (2) after being evicted from his home, "since [he] did not have a reasonable, proper 'mental state of mind' to follow up the appeal in a timely manner, I plead excuseable [sic] neglect," and (3) "[i]t hardly seems like a radical idea that when pro-se defendants appear before the courts, a reasonable Judge would inform them of their right to appeal and to give them notice which was not provided by the Bankruptcy Court Judge that I had 30 days to file an appeal" (dkt. entry no. 4, 1-10-07 Barnes Cert., at ¶¶ 1, 12, 13); but this Court possessing no authority to waive the time limit that governs when an appeal must be filed, see In re Barbel, No. 06-1793, 2006 U.S. App. LEXIS 30788, at *3-*4 (3d Cir. Dec. 14, 2006); and thus the Court intending to grant the order to show cause, dismiss the appeal for failure to comply with Rule 8002, and close the action; and for good cause appearing, the Court will issue an appropriate order.

                                                s/ Mary L. Cooper
                                                **MARY L. COOPER**
                                                United States District Judge